```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DARIN B. POOLE,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
         - against -
                                            08 Civ. 7781 (NRB)
NYC. DEPT. OF CORRECTIONAL SERVICES,        08 Civ. 7552 (NRB)
OFFICER FIGEURO, OFFICER JOHN DOE, DR.
McGIBBONS, CAPT. RIVERA,

                    Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Darin B. Poole ("Poole" or "plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against the City of New York Department of Correction ("D.O.C."), Dr. McGibbons ("McGibbons"), Captain Rivera ("Rivera"), Officer Figeuro ("Figeuro"), and an unknown D.O.C. officer, alleging that his constitutional rights were violated. Presently before us is defendants' unopposed motion for summary judgment.

For the reasons stated herein, defendants' motion for summary judgment is granted.

## BACKGROUND

**I.   Allegations in the Complaint**

The substance of plaintiff's allegations is as follows. Plaintiff was incarcerated in the Vernon C. Bain Center ("V.C.B.C."). While in court and away from V.C.B.C. on January 5, 2007, plaintiff's cell was left unlocked by Figeuro and

plaintiff's personal property was stolen. Figeuro became angry when plaintiff later asked to speak to a captain about the incident, and he solicited a gang of inmates to assault plaintiff. Figeuro and an unnamed officer stood by idly during the attack, until plaintiff was rendered "delirious and unable to move." Despite several subsequent attempts to receive medical attention, both at V.C.B.C. and other facilities, plaintiff was never treated by medical personnel.

Plaintiff sought and was granted an order to place him in protective custody. Nevertheless, he was never put in protective custody, and in fact was placed in holding pens with the same inmates who had assaulted him.

## II. Procedural History[1]

Plaintiff filed his initial complaint on August 27, 2008. A second complaint, similar to the first, was filed on September 5, 2008. Plaintiff filed a final, amended complaint on December 8, 2008. D.O.C. was served with the amended complaint on January 27, 2009, and Rivera and McGibbons were served on February 9, 2009. Figeuro and the John Doe defendant were never served.[2]

---

[1] Unless otherwise noted, these facts are drawn from defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, their Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, and the Court's records.

[2] Service of the second complaint was attempted on Figeuro on October 28, 2008. Plaintiff was informed by a letter from the Pro Se Office of this Court dated December 17, 2008 of the

The Court's initial discovery order anticipated completion of the discovery process by August 24, 2009. Plaintiff's failure to respond to defendants' discovery requests, however, necessitated multiple extensions of the discovery period.

The investigation conducted by defendants by December 11, 2009 revealed that plaintiff had not been in the custody of D.O.C. on the alleged date of the incident. Nevertheless, defendants asked for and were granted an extension of the discovery period until February 28, 2010, in order to investigate plaintiff's periods of incarceration in 2006 and 2007 to determine if the incident may have occurred on a date other than that alleged. To effectuate this investigation, the Court ordered that plaintiff execute releases for records pertaining to these periods of incarceration by December 28, 2009, and warned that failure to do so could result in dismissal.

By January 11, 2010, plaintiff had not provided the ordered releases, and defendants requested that the complaint be dismissed. The Court, however, twice extended plaintiff's time to comply with its order. On March 20, 2010, plaintiff had still not executed the releases, and the Court set a telephone

---

necessity of service and that service on Figeuro had not been accomplished. Service of the amended complaint was attempted on Figeuro, but not completed, on March 10, 2009. No further attempts were made.

conference to discuss plaintiff's failure to follow the Court's order. At that conference, plaintiff acknowledged that he did not know the exact date of the incident, which defendant stressed was why it needed the releases. Plaintiff suggested by letter three days later that the incident may have occurred on or about April 1, 2008, not January 5, 2007, and defendants expanded their search for relevant documents accordingly.

By late May, defendants believed they had determined the date of the incident to be July 12, 2008. Their records showed a fight amongst several inmates on that day at the George Motchan Detention Center ("G.M.D.C."), where plaintiff had been incarcerated and seen for a medical emergency. Through further examination of their records, however, defendants determined that plaintiff was not involved in the incident at G.M.D.C. Defendants restarted their inquiry, expanding the scope of their search to include records matching plaintiff's description of the day of the incident from November 29, 2007 through September 16, 2008 at the three facilities at which plaintiff had been housed during that period. The search did not turn up a single incident in which plaintiff had been involved.

In light of defendants' exhaustive search, the Court asked plaintiff to provide affidavits of witnesses establishing the date of the incident by August 25, 2010. On September 7, 2010,

having received no such affidavits from plaintiff, the Court invited defendants to file a motion to dismiss the complaint.

After nearly 18 months of discovery, defendants moved to dismiss the complaint with prejudice as well as for summary judgment on November 1, 2010. On November 3, 2010, based on information included in the exhibits to defendants' motion -- information plaintiff had already received during the course of discovery -- plaintiff advised the court that he had confused the months of January and June and now believed that the date of the incident was either June 1, 2007 or June 5, 2007. Plaintiff further revised his statement two weeks later, asserting that the incident occurred on May 31, 2007. At the Court's request, defendants withdrew their motion while further discovery was undertaken on plaintiff's newly proposed dates.

In late January 2011, the Court received a letter from Lloyd J. Nadel ("Nadel"), an attorney who had worked with plaintiff on certain of his criminal matters. The letter indicated that plaintiff had telephoned Nadel and expressed fear for his safety and concern that his property had not been properly safeguarded. The letter did not suggest that Nadel had any knowledge of an attack on plaintiff, nor did it provide any date on which the phone call took place.

On March 4, 2011, defendants advised the Court that there had been no incidents involving plaintiff on May 31, 2007 or

5

June 1, 2007. Moreover, defendants had found no evidence that plaintiff had been injured or sought medical treatment at any point from May 31, 2007 to June 7, 2007.

The Court received a letter from Detective Victor M. Pizarro III ("Pizarro") on April 7, 2011. The letter attested to the fact that plaintiff, "on an unknown date," called Pizarro and indicated his belief that he was going to be attacked. Neither Nadel's letter nor Pizarro's letter stated that an attack had occurred.

Having received no further suggestions as to fruitful searches of their records, defendants requested leave to renew their motion for summary judgment on April 27, 2011. The Court advised plaintiff on May 11, 2011 that he should obtain sworn affidavits from Nadel and Pizarro to oppose defendants' motion, and it granted defendants' request on May 20, 2011. Defendants filed the instant motion one month later. Plaintiff has filed no opposition to the motion and no affidavits have been submitted on his behalf.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the movant has satisfied this requirement, the

6

burden shifts to the non-movant "to make a showing sufficient to establish the existence of [all] element[s] essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The summary judgment standard "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), such that summary judgment will be granted if no "reasonable jury could return a verdict for the nonmoving party," id. at 248.

Plaintiff thus must produce evidence in support of his complaint. He "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (internal citations, quotation marks, and alterations omitted); see also Local Civil Rule 56.2.

**II. Analysis**

    **A.  Plaintiff Has Produced No Evidence of the Date of the Alleged Incident**

Plaintiff's allegation that he was involved in an incident in V.C.B.C. on January 5, 2007 finds no support in the record. Defendants have produced evidence showing that plaintiff was incarcerated in D.O.C. custody for only two periods in 2007 –– from April 23, 2007 to June 16, 2007 and from November 29, 2007

7

to December 31, 2007 -- neither of which encompasses the date alleged in the complaint. Lacking this foundational piece of evidence, plaintiff cannot successfully establish his case; indeed, failure to prove an essential element of a claim "renders all other facts immaterial." Celotex, 477 U.S. at 323.

Recognizing the special solicitude afforded to pro se plaintiffs, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), the Court and defendants undertook extensive efforts to determine any possible date on which the alleged incident may have occurred. Over more than 22 months of discovery, the Court held multiple telephone conferences with plaintiff and sent him nearly a dozen original letters in response to 43 of his own, and defendants conducted numerous searches of D.O.C. records. Despite these combined efforts, no date for the alleged incident emerged.

Upon plaintiff's insistence that, regardless of the date alleged in the three complaints, he was in fact assaulted on May 31, 2007 or June 1, 2007, the Court ordered defendants' pending motion for summary judgment withdrawn in order to conduct further targeted discovery. This search, too, failed to substantiate plaintiff's allegations.

The only evidence plaintiff has proffered in connection with establishing a date of the alleged incident are the letters from Nadel and Pizarro. However, these letters are insufficient

to create a genuine issue of material fact. Most significantly, neither are sworn affidavits, and thus they fail to meet the requisite evidentiary standard. See Fed. R. Civ. P. 56(c); Local Civil Rule 56.2; see also, e.g., United States v. All Right, Title & Interest in Real Prop. & Appurtenances, 77 F.3d 648, 657-58 (2d Cir. 1996) ("The submission of [a third party's] unsworn letter was an inappropriate response to the government's motion for summary judgment, and the factual assertions made in that letter were properly disregarded by the court."). Moreover, even if they were admissible, they are lacking in substance. Neither letter establishes the date of any incident involving plaintiff. Pizarro's letter specifically disclaims knowledge of the date on which Pizarro and plaintiff spoke, and Nadel's letter is likewise devoid of any mention of a specific date. Nor does either letter attest to the actual occurrence of any incident.

In sum, even affording Poole all the leniency he is due as a pro se plaintiff, and more, no reasonable jury could find that he has established the incident even occurred, let alone that it occurred as he has alleged it. Therefore, his complaint must be dismissed as a matter of law.

**B.  Plaintiff's Claims Are Also Insufficient on Other Grounds**

**1.  The Claims Against the Individual Defendants Must Be Dismissed**

While plaintiff has named three individual defendants in his three complaints, the claims against them should be dismissed for a combination of reasons.

First, over two and a half years after the filing of the amended complaint, Figeuro has not been served with any complaint. Applying the 120-day service requirement imposed by Federal Rule of Civil Procedure 4(m), all defendants must have been served no later than April 7, 2009. Thus, dismissal of the claim against Figeuro is warranted in light of this failure to effect service. See, e.g., Cunningham v. City of New York, No. 04 Civ. 1998, 2006 U.S. Dist. LEXIS 3518, at **24-25 (S.D.N.Y. Jan. 5, 2006).

Plaintiff's pro se status does not counsel a different result because, despite the available assistance of the United States Marshal's Service, he made only a single attempt to serve Figeuro with the amended complaint and never supplied Figeuro's full name or any other means by which to identify him. Under such circumstances, dismissal is appropriate. See Redd v. Phillips, 348 Fed. App'x 606, 607 (2d Cir. 2009).

Additionally, plaintiff's claims against Figeuro arising from the alleged incident became time-barred -- for these

10

purposes, using April 1, 2008 (the latest date suggested by plaintiff) as the date of the incident -- on April 1, 2011. See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (three-year statute of limitations applies to actions under 42 U.S.C. § 1983).

Second, the sole allegation in the amended complaint against McGibbons -- who was serviced -- is limited to a recital that plaintiff "was schedualed [sic] to see doctors for a possible specialist consult at West Facility Medical Unit by Dr. McGibbons (ARDC) medical unit." The allegation does not approach a claim of wrongdoing, let alone personal involvement in a constitutional violation as required under Section 1983. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

And third, there was not a single substantive allegation in the body of the amended complaint, which is the operative complaint,[3] regarding Rivera. A complaint does not state a claim against a defendant when it makes no substantive allegations at all with respect to that defendant.

Moreover, the barriers plaintiff faces with respect to McGibbons and Rivera cannot be overcome in a further amended

---

[3] While the body of the original complaint does mention Rivera, he was never served with that complaint. Regardless, an amended complaint supersedes all earlier iterations. See Laza v. Reish, 84 F.3d 578, 580-81 (2d Cir. 1996); see also A Manual for Pro Se Litigants Appearing Before the United States District Court for the Southern District of New York 63 (2010) ("Once an amended complaint is filed, it completely replaces the original.").

complaint because, as discussed above, the statute of limitations for these claims has elapsed.

### 2. D.O.C. Is Not a Suable Entity

Plaintiff cannot state a claim against D.O.C. Under the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." New York City Charter Ch. 17, § 396. As an agency of the City, D.O.C. is a non-suable entity. See Renelique v. Doe, No. 99 Civ. 10425, 2002 U.S. Dist. LEXIS 26980, at *9 (S.D.N.Y. Dec. 29, 2003) ("[T]he overwhelming body of authority holds that DOC is not a suable entity.").

Even charitably interpreting the complaint as alleging a claim against the city itself, it fails to allege any constitutional violation. It is well-settled that a municipality can only be sued under Section 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). Plaintiff, however, has pointed to no policy, custom, or practice on the part of the city that might have caused his alleged constitutional injuries.

12

### 3. Plaintiff Has No State Claims

To the extent a liberal construction of the amended complaint yields viable New York state law claims, they, too, should be dismissed. A district court's exercise of supplemental jurisdiction over state law claims is left to its discretion, see 28 U.S.C. § 1367(c)(3), but "[i]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994) (quoting Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991)). Any countervailing considerations of judicial efficiency, convenience, fairness, or comity do not demand a different result.

## CONCLUSION

For the foregoing reasons, defendants' unopposed motion for summary judgment (docket no. 54) is granted.

Dated:  New York, New York
        September 27, 2011

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE


Copies of the foregoing Order have been mailed on this date to the following:

**Plaintiff**
Darin B. Poole
48 West Clinton Avenue
Roosevelt, NY 11575

**Defendant**
Andrew Myerberg
Office of the Corporation Counsel
City of New York
Law Department
100 Church Street
New York, NY 10007